# TUCKER v. STATE OF FLORIDA
## Case No. 83-151-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

October 3, 1984

### APPEARANCES OF COUNSEL

**Howard K. Blumberg** for appellant.

**Renee E. Ruska** for appellee.

Before LANTZ, BARAD and FEDER, JJ.

### OPINION OF THE COURT

FEDER, Judge.

The appellant was arrested and convicted for allegedly trespassing at a Greyhound Bus Terminal. He was advised by the State's only witness, Officer Watson, that the appellant had to leave unless he was there for a legitimate purpose such as transportation or picking up or delivering people. He left. The appellant later re-entered the terminal and was immediately arrested.

Officer Watson did not question the appellant upon his return as to

the reason for the return. The Officer also admitted that immediately upon arrest the appellant stated he was there to pick up his wife. No further questioning or investigation took place to establish as to whether or not the wife was in the station, on which bus she was arriving, from which destination she had left, nor even the time of expected arrival.

The burden on the State to establish a *prima facie* case was never met.

Even assuming that the evidence tended to establish a "Trespassing", the conviction would have to be overturned since the evidence was not wholly inconsistent with a reasonable hypothesis of innocence. See *McArthur v. State*, 351 So.2d 972 (Fla. 1977).

PER CURIAM, the above matter is hereby reversed.